The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335-0867
Dear Representative Flanagin:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). You have noted that at a recent December 10, 1992 meeting of the Arkansas State Medical Board ("Board"), a draft proposal on how to deal with doctors who test positive for HIV was discussed by the Board. A newspaper reporter apparently requested a copy of the proposal, pursuant to the FOIA, on the day of the meeting and again on the following day. The request was apparently initially denied by the Board, but was later granted and the document was released by the Board on the following Monday, December 14, 1992. Your questions relative to these facts are set out below and answered in the order posed.
 1. Does a document which is discussed in a public meeting become a "public document" which must be released to any citizen under the state Freedom of Information law?
In my opinion, the answer to this question is, generally, "yes," if the document is one which would otherwise be subject to disclosure under the FOIA.
The Arkansas Code provisions pertaining to the State Medical Board are set out at A.C.A. §§ 17-93-301—305 (Repl. 1992). The only confidentiality requirement contained in the sections pertains to copies of prescriptions, orders or records compiled pursuant to an investigation by the Board of persons licensed by the Board. See A.C.A. § 17-93-304. This provision is not at issue in your inquiry and thus your questions are governed generally by the §§ 25-19-101—107 of the Arkansas Freedom of Information Act. Section 25-19-103(1) provides, in pertinent part, that:
 "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions. . . . All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
Your question appears to be premised on the assumption that the discussion of a document in a public meeting bears upon its "public" status. In my opinion, the controlling question is, rather, whether the document is in the possession of an agency that is subject to the FOIA. See generally, Op. Att'y Gen.88-082 and J. Watkins, The Arkansas Freedom of Information Act
(mm Press, 1988), at 178. Documents in the possession of an agency subject to the FOIA which constitute a record of the performance or lack of performance of official functions of the agency are, pursuant to § 25-19-103, subject to disclosure under the Act unless exempt. As noted by Professor Watkins in TheArkansas Freedom of Information Act, "[b]ecause the FOIA reaches records submitted to an agency and within its possession, it follows that such records immediately become public records upon their receipt by the agency and therefore subject to disclosure unless exempt." Watkins, supra, at 57. Section 25-19-105
recognizes several specific exemptions from the FOIA's general rule of disclosure and also incorporates by reference exemptions found in other statutes, judicial rules, and court orders. In my opinion, a document such as that referred to in your request which proposes a course of action by the Board on how to deal with doctors who test positive for HIV, would constitute a record of the performance or lack of performance of official functions of the agency, is not exempted by the Act, and would therefore be subject to disclosure under the Act.
 2. Does a document which is voted on in a public meeting become a "public document" which must be released to any citizen under the state Freedom of Information law?
In my opinion, again, the answer to this question is also generally "yes," to the extent the document is otherwise disclosable under the FOIA.
As noted in response to your first question, the initial inquiry under § 25-19-103 is not whether a document is voted on publicly, but whether it is in the possession of an agency that is subject to the FOIA and it constitutes a record of the performance or lack of performance of official functions of the agency. Again, a document such as that referred to in your request would, in my opinion, constitute a public record which is generally subject to disclosure.
 3. Can a state agency refuse to release a public document under the state Freedom of Information law to any citizen upon a request for the document?
In my opinion, an agency that is subject to the FOIA must disclose public records under the Act unless the records are specifically exempted from disclosure.
Section 25-19-105(a) states that:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
The Arkansas Supreme Court has noted that the legislative intent of the Freedom of Information Act favors public disclosure.Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). Additionally, the Court has provided that any provisions exempting records from disclosure are to be narrowly construed.Id. Any exempt information in a public record should therefore be deleted to the extent possible, and the remainder of the record made available for inspection and copying. See Op. Att'y Gen. 92-247.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh